UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT COURT OF PENNSYLVANIA

1:CV-01-0080

RICHARD BELL, )
   Petitioner/Defendant, )
) CR.NO. 9005-4101
)
vs )
) Civil No._____
)
UNITED STATES OF AMERICA, thru )
MICHAEL A. ZENK, WARDEN at )
F.C.I. ALLENWOOD, Pa. )
   Respondent, )

FILED
SCRANTON

JAN 17 2001

PER_____
DEPUTY CLERK

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

AND NOW COMES the petitioner/defendant, Richard Bell pro-se, and hereby files this motion pursuant to 28 U.S.C. § 2241(a)(D).

Petitioner's hereby petition this Court for relief as he is in custody pursuant to the judgment of the State Court in violation of the constitution and the laws of the United States.

JURISDICTION

This Court have jurisdiction to entertain this petition pursuant to 28 U.S.C. § 2241. Bell, is citing, In Re Jones v United States, 226 F. 3d 328 (4th Cir. 2000), which allow federal prisoner to seek a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Here, Bell maintains that his inability to file a second or successive § 2255 that remedy inadequate or ineffective to test the legality of his detention, thereby entitling him to file a petition for writ of habeas

corpus.

Petition is alleging that his " 1990 Possession with Intent to Deliver," claim was not available at the time he filed his § 2255 motion, that his inability to file a second or successive § 2255 motion is unavailable.

## EXHAUSTED

Petitioner has exhausted all state remedies available to him by filing the appropriate petition with the Courts of Pennsylvania.

## IN CUSTODY REQUIREMENT

Petitioner is pro-se, in custody as a result of the charge being attacked here, petitioner was arrested by the Philadelphia Police department, charged with possession with intent to deliver. This illegal conviction was used to enhance petitioner current sentence of 135 (one hundred thirty five) months.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On January 24, 1990 the defendant was arrested by the Philadelphia Police Department and charged with possession with intent to deliver and the Court appointed a public defender for the defendant's legal representation.

On January 25, 1990 defendant appeared with counsel before the bench session of this Court and , upon advise of counsel, plead guilty to the charges. The Court accepted the defendant's admission, entered guilty

plea and sentenced defendant to concurrent 6-23 months term of imprisonment.

At said sentencing, the Court failed to question the defendant about whether he understood that by pleaing guilty (or admitting to sufficient facts), he was forfeiting his constitutional privilege against self-incrimination and rights to confrontion of adverse witness and to be trial at which he would be entitled to an acquittal unless the State proved his guilty beyond a reasonable doubt.

Moreover, the Court did not explain to defendant the elements of the crime which rise to the charges; failed to explain that the guilty plea could be used against the defendant to enhance a future state or federal sentence and did not ensure that the defendant's plea was free of force or promises and/or influence of drugs or alcohol since the Court failed to question the defendant on those particular elements.

It is noteworthy that the defendant's public defender had coached defendant to answer the judge's limited questions with the word "yes," but neglected to inform defendant that if did so, which defendant did, he might suffer future legal consequences as a result of his plea, (see attached affidavit of petitioner's).

Defendant was recently informed by a "JailHouse Lawyer" about the Supreme Court observation in Custis, that an instant federal sentence may be modifies pursuant to collateral review in a prior state sentence. United States v Custis, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed 2d 517 (1994).

Additionally, the defendant was informed that it is a constitutional requirement to be furnished by the Court, before accepting his guilty plea, this information necessary for his plea to be considered knowing, intelligent and voluntary, that was not done in this case.

Inter alia, abeit not directly to state conviction buy indicative of its unconstitutional prejudice, defendant was subsequently charged in the U. S. Eastern District of Pennsylvania, with violation of Title 21 U.S.C. § 841 (a)(1) Section 846, to which defendant plead guilty for which he was sentenced to 135 (one hundred and thirty five) months imprisonment on July 31, 1995. Due to the State charges being addresses, sub-judice, defendant is now serving a sentence of significantly higher than 33 (thirty-three) months he would otherwise be for the enhancement based upon the invalid state conviction.

In Custis, the Supreme Court observed that an instant federal sentence may be modified pursuant to collateral review in a prior state sentence. The Custis, Court held as follow:

> "We recognize, however as did the Court of Appeals... that **Custis**, was was still in **"in custody"** for the purpose of his state conviction at the time of his federal sentencing under § 924(e), may attack his state sentence in Maryland or through federal habeas review. See, **Maleng v Cook, 490 U.S. 488 (1989)**. If Custis, is successfull in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences.

Therefore, since defendant's contention is that the Court completely failed to informed him concerning the constitutional rights he was forfeiting by pleading guilty, and since his counsel failed to filed an appeal on the conviction being addressed herein, the defendant's conviction was unconstitutional under **Custis**.

Accordingly, defendant attacking his state conviction because his Fifth, Sixth and Fourteenth Amendment rights were grossly violated.

Hence, defendant seeks to reversed his unconstitutional conviction so that thereafter he may apply for resentencing in the cited federal conviction.

## ARGUMENT

"Because the Court, when [i]t accepted the defendant's guilty plea, failed to satisfy the constitutional requirements and made no inquiry of the defendant in open court, inter alia, as to whether the guilty plea was voluntary, knowing and intelligent, the defendant's unconstitutional conviction must be vacated."

Petitioner contends that **Due Process** require the judge, before accepting his guilty plea, to obtain in open Court, his voluntary and intelligent waiver of his rights being forfeited by such plea and to informed the defendant of the potential effects of such plea.

Several constitutional rights are involved in a waiver that occurs when a plea of guilty is entered. The first constitutional right implicated is the privilege against compulsory self-incrimination, second, is the right to trial by jury at which an accused would be entitled to acquittal unless the state proved his guilt beyond a reasonable doubt and finally is that right to confront one's accusers.

Because a plea of guilty involves these constitutional rights, the plea is **valid** only when the accused offers it voluntary, with sufficient awareness of the relevant circumstances.

Therefore, petitioner's application to vacate the state conviction is based on the ground that he had not been furnished by the Court, before accepting his guilty plea, the information necessary for his plea to be considered voluntary, which is constitutional requirement. See, Boykin v Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709 23 L. Ed 2d 274(1969), United States v Houlihan, 92 F. 3d 1271,1291 (1st Cir. 1996) and Johnson v Avery, 393 U.S. 483 S. Ct. 747, 21 L. Ed. 2d 718 (1969). Furthermore, the Court did not explain to defendant the crime with he was charged and/or the elements of the alleged crime.

Thus, without knowing the crime and the essential elements of such crim, the petitioner could not have made aknowing and intelligent plea. United States v Smith, 60 F. 3d 595 (9th Cir. (1995); Finch v Vaughn, 67 F. 3d 909 (11th Cir. 1995); United States v Lowery, 60 F. 3d 1203 (6th Cir. 1995); United States v Allard, 926 F. 2d 1237 (1st Cir. 1991); United States v Showerman, 68 F.(3d 1524 (2nd Cir. 1995); United States v Renaud, 999 F. 2d 622 (2d Cir. 1993); United States v Gray, 63 F. 3d 57 (1st Cir. 1995); United States v Coronado, 554 F. 2d 166 (5th Cir. 1977), and United States v Quinones, 97 F. 3d 473 (11th Cir. 1995),(failure to address core concerns never harmless.)

Hence, the violations of constitutional magnitude in the petitioner's case implicate all of the **"core concerns"** in violation of the rules that mandate the plea be set aside and the conviction reversed. See, McCarthy v United States, 394 U.S. 89 S . Ct. 1166, 22 L. Ed 2d 418, (1969).

In Medina-Silverio, 30 F. 3d 13 (1st Cir. 1994), the First Circuit Court of Appeals held that "the judge obtained defendant's detailed written waiver of rights but failed to question defendant about waiver of rights personally in open Court. That was total failure to conduct personal plea colloguy mandated by F.R.CR.P. Rule 11 and is never harmless error; reversal is required."

A judge's failure at a plea or admission proceeding to obtain a defendant's affirmative waiver of these rights violates Due process and renders the plea involuntary and invalid as a matter of law  United States v Showerman, Supra, United States v Renaud, Supra, People v Brown, Supra.

> "A guilty plea should be accepted and , if accepted, must later be set aside, unless the record shows affirmatively that the defendant entered the plea freely and understandingly.

> Constitutional Due Process require that the affirmative showing be made and recored at the time the judge accepts the plea. "See, <u>Commonwealth</u> v <u>Foster</u>, 369 Mass. 100-108(1975); <u>Commonwealth</u> v <u>Ferandez</u>, 30 Mass. 714-716, (1984); accord <u>United States</u> v <u>Medina-Silverio</u>, 30 F. 3d 1 (1st Cir. 1994).

Similarly, without knowing the crime and the essential elements of such crime which gave rise to the charge, a defendant's plea of guilty could not have been knowing and voluntary. <u>People</u> v <u>Love</u>, Supra.

Indeed, as stated in <u>McCarthy</u>, Supra, "... there is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant understanding of the nature of the charge against him." See also, <u>Boykin</u> v <u>Alabama</u>, Id; <u>Godwin</u> v <u>United States</u>, 687 F. 2d 585 (2d Cir. 1982); <u>Henderson</u> v <u>Morgan</u>, 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976), the Supreme Court held as follows:

> "If the defendant does not know the elements of the crime to which he pleading and therefore does not know what the state has to prove, his ignorant decision to plea guilty under such circumstances is not reliable indication that he is in fact guilty."

In toto, is a fundamental tenet of criminal law that conduct, in order to constitute a crime, must be voluntary, that is a conscious act of a person's violation. <u>People</u> v <u>Brown</u>, Id; <u>People</u> v <u>Love,</u> Id.

When a defendant pleads guilty (or admits to sufficient facts) at the first tier of the District Court and then waives his rights to a **de novo** appeal to a jury of six, the proceedings and judgment become final. <u>Commonwealth</u> v <u>Mahadeo</u>, 397 Mass. 314, 316 (1986); <u>Commonwealth</u> v <u>Mele</u>, 20 Mass. App. Ct. 958, 959, (1985).

The constitutional safeguards set forth in **Fernandez,** and **Foster**, are therefore required. <u>Mele</u>, supra. before entering a judgment of guilty, the Court must elicit, through personal colloguy with the

-7-

defendant, an affirmative showing that the defendant is acting knowingly, voluntarily and intelligently while understanding the consequences of his admission.

The state bears the burden of proving that the defenant's admission t sufficient facts was knowing, intelligent and voluntary. Moreover, the unavailability of the tape-recored minutes of the plea proceeding does not shift the constitutional burden on the voluntariness of what is alleged to have been a guilty plea by the defendant; rather, the burden remains on the state; the question for the Court is what occurred in Court when the plea was made. See, Medina- Silverio, Id.

In United States v Pettiford, 934 F. supp. 479 (D.Mass.1996), the Court burden is on the state to show the voluntariness of the plea. "The Court vacated the defendant's unconstitutional conviction and the government appealed. The First Circuit percuriam, affirmed the District Court's ruling and held that," "Our reation is the opposite of the government's. With no memory, there was no affirmative waiver. Exceptional circumstances may excuse a delayed making of a claim." United States v Pettiford, 101 F. 3d 199, 202[4] (1st Cir. 1996) citing Knight v United States, 37 F. 3d 769, 773(1st Cir. 1994) ... " and ignorant may be a factor." In the case at bar, defendant attempted numerous times to obtain his plea colloguy and sentencing minutes but to no avail.

Petitioner contends that the admission of an assurance integral to the satisfaction of the constitutional standard should be and is ground for reversal. This is true of any case where the colloguy was so perfunctory, incomplete or none so as to be, in effect, nugatoty. Boykin v Alabama, Id.

Accordingly, because the state cannot carry its burden in this case and because the Court did not engage in any inquiry of the defendant regarding his constitutional rights being waived by entering a guilty plea, the defendant's plea of guilty(or Nolo Contended) was knowing, unintelligent, involuntary and invalid as a matter of law and this Honorable Court should vacate the defendant's unconstitutional conviction.

### NO PROCEDURAL DEFAULT

All Courts have determined that a defendant's motion to vacate the state conviction was based on the ground that he had not been furnished by the the Court, before accepting his guilty plea, the information necessary for his plea to be considered voluntary and intelligent, which is a constitutional requirement.  See, <u>Boykin</u> v <u>Alabma</u>, <u>Id</u>, <u>United States</u> v <u>Houlihan</u>, <u>Id</u>.

Thus, whether a plea is knowing, intelligent and voluntary is an issue that cannot be waived.  See, <u>Blackledge</u> v <u>Allison</u>, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed 2d 136 (1977).

If is noteworthy that defendant was recently informed regarding the Supreme Court's observation in the case of <u>United States</u> v <u>Custis, Id</u>, as well as the case of <u>Pettiford</u>, including the November 25, 1996 decision in <u>Pettiford</u>, see also, <u>Knight, Id</u>, (Exceptional circumstances may cause a delayed making of a claim and ignorance may be a factor).

Accordingly, fairness, integrity of the criminal process and justice require that this Honorable Court must entertain this instant motion and reverse the defendant's unconstitutional conviction in the interset of justice.

## CONCLUSION

In conclusion, for all the reasons aforesaid, it is most respectfully requested that this Honorable Court vacate defendant unconstitutional conviction.

Respectfully submitted

BY: *Richard Bell*
Richard Bell pro-se
Box 2000 47996-066
White deer, Pa. 17887

Executed on this 22nd day of November 200_.

*Richard Bell*
Richard Bell pro-se