sealed

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BELL,                   :
                                :
        Petitioner              :
                                :
    v.                          :    CIVIL NO. 1:CV-01-0080
                                :
MICHAEL A. ZENK,                :    (Judge Kane)
                                :
        Respondent              :

### ORDER

FILED
HARRISBURG, PA

MAY 14, 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

### BACKGROUND

This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Richard Bell, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood). The required filing fee has been paid. Named as Respondent is FCI-Allenwood Warden Michael A. Zenk.

Petitioner states that he plead guilty to a violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Eastern District of Pennsylvania. On July 31, 1995, he was sentenced to a 135 month term of incarceration. His instant petition contends that his federal sentence was improperly enhanced by a prior, purportedly "invalid state sentence." (Doc. 1, page

Certified from the record
Date 5-14-01
Mary E. D'Andrea, Clerk
Per George Gardner

4.) Specifically, Bell asserts that on January 24, 1990, he was charged in Philadelphia County, Pennsylvania "with possession with intent to deliver." Id. at page 2. The following day, while represented by a court appointed public defender, he entered a guilty plea.

Bell contends that the Pennsylvania state court "did not explain the elements of the crime which rises to the charges; failed to explain that the guilty plea could be used against the defendant to enhance a future state or federal charge and did not ensure that the defendant's plea was free of force or promises and/or influence of drugs and alcohol since the Court failed to question the defendant on those particular elements." Id. at page 3. He also maintains that his counsel provided ineffective assistance for not advising him of the future consequences of his guilty plea and neglecting to file an appeal.

Petitioner's present action seeks to challenge the validity of his Pennsylvania state conviction under United States v. Custis, 511 U.S. 485 (1994) for the purpose of obtaining a reduction of his ongoing federal sentence. His petition also argues that this court has jurisdiction pursuant to the standards announced in Jones v. United States, 226 F.3d 328 (4th Cir. 2000).

**DISCUSSION**

2

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

In Custis, the United States Supreme Court addressed the issue of when a federal defendant could collaterally attack the constitutional validity of prior convictions during federal sentencing proceedings. The Court recognized two circumstances under which such challenges could be raised: (1) where the statue or sentencing guideline under which the defendant was sentenced provides for the right to assert such collateral challenges and (2)

where there is an allegation that the appellant was denied his right to counsel[1] during the underlying state court proceeding. The Court additionally noted that Custis was still able to attack his state conviction in either Maryland state court or via a federal habeas corpus petition. If successful in challenging his state court conviction, Custis could then apply for reopening of any federal sentence enhanced by the state sentence.

Thereafter, the United States Court of Appeals for the Third Circuit in United States v. Escobales, 218 F.3d 259 (3d Cir. 2000) addressed a claim by a federal defendant challenging the validity of a prior state court conviction which was used in the calculation of his United States Sentencing Guidelines Criminal History Category. Escobales argued that a prior state court conviction should not have been taken into consideration because in accepting his uncounseled guilty plea, the state court failed to advise him of his right to a jury trial. With respect to the first exception recognized in Custis, the Third Circuit specifically noted that a defendant convicted under § 841 did not have the "right to attach his prior convictions." Id. at 263. Second, since he was not denied the right to counsel, under Gideon, the Third Circuit similarly decided that the only remedies available to Escobales were to challenge the validity of his past state conviction in

---

[1] See Gideon v. Wainwright, 372 U.S. 335 (1963).

4

state court or via a federal habeas petition under 28 U.S.C. § 2254.

Based on the above discussion, it is clear that the instant Petitioner's claims do not fall under the narrow circumstances established in <u>Custis</u>. Bell was admittedly represented by counsel during his Pennsylvania state criminal proceedings, thus, the only remedies available to him are those recognized in <u>Escobales</u> and <u>Custis</u>, namely, he may seek reversal of his conviction in state court or, if appropriate, through submission of a federal habeas petition under 28 U.S.C. § 2254.

It is also the conclusion of this court that Bell's reliance on <u>Jones</u> for the purpose of establishing jurisdiction is equally misplaced. In <u>Jones</u>, a petitioner sought leave to challenge his federal conviction via a second or successive petition under 28 U.S.C. § 2255. The Fourth Circuit ruled that when the § 2255 remedy proves to be inadequate or ineffective to test the legality of a federal prisoner's detention, the applicant may seek relief under a properly filed § 2241 petition. However, this is clearly not a situation where a leave is being sought to file a second or successive § 2255 petition. Furthermore, Jones was requesting relief under the holding announced in <u>Bailey v. United States</u>, 516 U.S. 137 (1995) wherein the Supreme Court invalidated the basis for his conviction. The circumstances which existed in <u>Jones</u> are

5

clearly not present in this case, and there is no indication that the Fourth Circuit intended that its holding be extended to include cases where an applicant seeks reversal of a prior state conviction used to enhance his subsequently imposed federal sentence.[2]

In conclusion, under the standards announced in <u>Custis</u> and <u>Escobales</u>, the Petitioner's challenge to his prior state conviction is not properly raised under § 2241. Bell's petition will be dismissed without prejudice to his submission of said claims in either Pennsylvania state court or via a properly filed § 2254 petition, if appropriate.

AND NOW, THEREFORE, THIS 11th DAY OF May, 2001, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is dismissed without prejudice.
2. The Clerk of Court is directed to close the case.
3. Based on the court's decision herein, there is no basis for the issuance of a certificate of appealability.

---

[2] It is additionally noted that on December 12, 2000, a petition for writ of certiorari was filed in <u>Jones</u>.

6

_____
YVETTE KANE
United States District Judge

YK:jvw

Case 1:01-cv-00080-YK-DB   Document 3   Filed 05/14/2001   Page 7 of 8

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 14, 2001

Re: 1:01-cv-00080   Bell v. USA

True and correct copies of the attached were mailed by the clerk to the following:

Richard Bell
FCI-Allenwood
Medium Security Facility
#47996-066
P. O. Box 2000
White Deer, PA  17887

```
cc:
Judge                            (✓)        (✓) Pro Se Law Clerk
Magistrate Judge                 ( )        ( ) INS
U.S. Marshal                     ( )        ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    (✓)
Federal Public Defender          ( )
Summons Issued                   ( )   with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( )   with Petition attached & mailed certified mail
                                       to:  US Atty Gen ( )    PA Atty Gen ( )
                                            DA of County ( )   Respondents ( )
Bankruptcy Court                 ( )
Other_____     ( )
```

MARY E. D'ANDREA, Clerk

DATE: 5-14-01                                    BY: _____
                                                     Deputy Clerk